**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>    v.<br><br>RICHARD O. CROPUZ,<br><br>    Defendant(s).<br>_____/ | CR 10-00283-1  JCS<br><br>ORDER FOR PRETRIAL PREPARATION<br>FOR CRIMINAL BENCH TRIAL |

Following the Status Conference held on June 18, 2010, at 10:30 a.m., IT IS HEREBY ORDERED THAT:

1.  **TRIAL DATE**
    a.  Trial by the Court will begin on **September 29, 2010 at 9:00 a.m.,** in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.
    b.  The length of the trial shall be not more than one (1) day.

2.  **DISCOVERY**
    a.  Both sides will comply with the Federal Rules of Criminal Procedure, and the United States will comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Agurs*, 427 U.S. 97 (1976).

3.  **MOTIONS**
    a.  Pretrial motions other than motions in limine may be noticed for any available Friday at 10:30 a.m. on or before **September 17, 2010.**  Motions shall be noticed in compliance with Local Rule 47-2.

4. **PRETRIAL FILINGS**

   a. By agreement of the parties, no pretrial conference needs to be held.

   b. Not less than **September 17, 2010**, the parties shall each complete (except as noted in paragraph 4(b)6)) the following:

      1) Serve and file a pretrial statement pursuant to Crim. L.R. 17.1-1(b).

      2) Serve and file a trial brief setting forth the following:

         (a) A description of each offense charged in the case.

         (b) The evidence anticipated in the case.

         (c) A description of the law applicable to each alleged offense, including, but not limited to, a listing of the elements of each alleged offense and affirmative defense.

         (d) Points of law on any other issues relevant to the trial, including all foreseeable procedural and evidentiary issues.

      3) Serve and file a numerical list of each party's exhibits, including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness.

      4) Serve and file a list of the witnesses that each party intends to call at the trial, not including rebuttal witnesses, setting forth for each witness the substance of their testimony.

      5) Plaintiff shall comply with 4(b)1)-4). The Defendant shall comply with 4(b)1), and shall comply with 4 (b)2), 3) and 4), to the extent consistent with Defendant's right to an effective defense.

      6) Exchange exhibits, which shall be **pre-marked** with an exhibit sticker (example attached), **tabbed and in 3-ring binders**. Plaintiff shall use numbers (1,2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.). A single exhibit should be marked only once. If the plaintiff has marked an

|   |   |   |
|---|---|---|
| | | exhibit, then the defendant should not re-mark the exact document with another number. Different *versions* of the same document, *e.g.,* a copy with additional handwriting, must be treated as different exhibits with different numbers. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders shall be marked as "Original". Deposit the exhibits with the deputy clerk one (1) week before the trial. Exhibits are not filed. |
| | 8) | In addition to the official record exhibits, a *single, joint* set of bench binders containing a copy of the exhibits must be provided to the Court and should be marked as "Chambers Copies". Each exhibit must be separated with a label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits that are in the binders. |
| | 9) | Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention. |
| | 10) | Before closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description. |

5.  **PRETRIAL ARRANGEMENTS**

a. During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties shall be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the

3

carpet for safety. The parties may work with the deputy clerk, Karen Hom (415) 522-2035, on all courtroom-layout issues.

      6.    **SCHEDULING**

          a. Trial will be conducted from 9:00 a.m. to 2:30 p.m. (or slightly longer to finish a witness) with two fifteen-minute breaks and a lunch break, Monday through Thursday, excluding holidays. Counsel must arrive by 8:30 a.m.

    IT IS SO ORDERED.

DATED: June 23, 2010

                                          JOSEPH C. SPERO
                                          United States Magistrate Judge

**ATTACHMENT EXHIBIT TAG:**

The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF EXHIBIT NO._____

    Case No. _____

    Date Admitted:_____

    By_____
           Deputy Clerk
```

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT EXHIBIT NO._____

    Case No. _____

    Date Admitted _____

    By_____
           Deputy Clerk
```